Electronically Filed by Superior Court of California, County of Orange, 05/17/2023 07:31:26 PM.
30-2023-01326073-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

JONATHAN J. DELSHAD, Bar No. 246176
LAW OFFICES OF JONATHAN J. DELSHAD, PC.
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025
Telephone:    424.255.8367
Fax:             424.256.7899
E-mail: jdelshad@delshadlegal.com

Attorney for Plaintiff
Elizabeth Garcia

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE, UNLIMITED JURISDICTION

| Elizabeth Garcia, | Case No. 30-2023-01326073-CU-OE-CJC |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | 1. DISABILITY DISCRIMINATION – FAILURE TO PROVIDE REASONABLE ACCOMMODATION (Gov. Code § 12940(m)); |
| Crawford & Company, Inc.; and DOES 1- 50, inclusive, | 2. DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS (Gov. Code § 12940(n)); |
| Defendant. | 3. DISABILITY DISCRIMINATION – RETALIATION FOR REQUESTING AN ACCOMODATION. |

**JURY TRIAL DEMANDED**

**Assigned for All Purposes**
Judge David A. Hoffer

## PARTIES

1.  Plaintiff Elizabeth Garcia ("Plaintiff" or "Elizabeth") is an individual who resides in the State of California.

2.  Defendant CRAWFORD & COMPANY ("Defendant" or "Crawford") is a Georgia corporation conducting business in the State of California, within the county of Orange.

3.  Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has at all times relevant to this action been the officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the Defendants.

- 1 -
COMPLAINT

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the occurrences herein alleged and that the injuries of Plaintiff as herein alleged have been proximately caused by the aforementioned Defendants, and each of them.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has at all times relevant to this action been the officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the Defendants.

## VENUE

6. Venue as to each Defendant is proper in this judicial district, pursuant to California Government Code § 12965. Defendant does business in the County of Orange.

## FACTUAL ALLEGATIONS

7. On or around October 4, 2021, Defendant hired Plaintiff as a full time Case Manager, earning a salary of $37,000.00 a year.

8. On or around May 2022, Plaintiff had a necessary surgery which required that she be placed off of work for a six-week period. Defendant made no demand that Plaintiff fill out any forms relating to this surgery.

9. On or around September 2022, Plaintiff took a leave of absence from work due to COVID, for which she provided Defendant with a doctor's note.

10. During this leave of absence, Plaintiff learned that an appeal that she submitted regarding a complaint from her boss was denied. Specifically, Plaintiff appealed a writeup by her boss which accused Plaintiff of falsifying work (i.e. not working when Plaintiff claimed that she was working). Plaintiff contacted the IT department who ran tests on her hard drive, and confirmed that the Administrator of the Ring Central program, which was her boss, had blocked Plaintiff's ability to make calls/outbound activities. Thus, Plaintiff's boss intentionally interfered with Plaintiff's

COMPLAINT

Law Offices of Jonathan J. Delshad, PC
11663 Sawtelle Blvd Suite 220
Los Angeles, CA 90025

ability to work, and then on top of that wrote Plaintiff up for poor performance for failing to work while he knew she was prevented from working by her own actions.

11. Plaintiff appealed this write-up by sending all the IT information/findings to her boss's boss, but the appeal was denied.

12. Plaintiff sustained severe depression and anxiety as a result of this unjustified write-up and went on an extended leave for this condition.

13. On or around October 21, 2022, Defendant sent Plaintiff an email asking Plaintiff to provide paperwork substantiating her time off, and to return it within five days.

14. Plaintiff responded to this email by asking for a reasonable extension of two weeks to provide the paperwork due to difficulties in getting the doctor's attention and due to her illness.

15. Defendant's responded to Plaintiff's request stating that Plaintiff's ADA application and medical certification were not submitted by their due date.

16. Plaintiff's psychiatrist extended Plaintiff's time off to November 3, 2022; Plaintiff provided the psychiatrist's note to Human Resources.

17. Plaintiff asked for time off until November 3, 2022, and Defendant told her that they could only give her time off until November 2, 2022.  However, Plaintiff's doctor placed her off work through November 28, 2022 (see "Exhibit 1" attached); Plaintiff submitted this doctor's note to Human Resources.

18.     Defendant gave Plaintiff an unreasonable deadline to turnover multiple pages of ADA forms, even when Plaintiff informed Defendant that her doctor didn't have availability to see Plaintiff or fill out the paperwork by such deadline (see "Exhibit 2" attached).

19. On or around November 2, 2022, Defendant terminated Plaintiff.

20. Defendant told Plaintiff that she was being terminated for "abandoning the job." However, a reasonable accommodation for Plaintiff's medical condition was not provided and she was fired in retaliation for requesting an accommodation due to her medical condition.

21. Plaintiff has met all of the jurisdictional requirements for proceeding with his claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, *et seq.*

COMPLAINT

Law Offices of Jonathan J. Delshad, PC
11663 Sawtelle Blvd. Suite 220
Los Angeles, CA 90025

**FIRST CAUSE OF ACTION**

**Disability Discrimination – Failure to Provide Reasonable Accommodation**

**(California Government Code § 12940(m))**

22.   Plaintiff incorporates by reference paragraphs above as though fully set forth herein.

23.   At all times relevant to this Complaint, the Fair Employment and Housing Act ("FEHA") and its implementing regulations were in full force and effect and binding on the Defendant.

24.   Pursuant to Government Code § 12940(m) it is unlawful for an employer to fail to provide a reasonable accommodation to an employee with a disability. FEHA defines a disability to include any physical disability, mental disability or medical condition that limits a major life activity.

25.   Pursuant to Government Code § 12926 and § 12926.1 Plaintiff has a disability if he or she has an actual disability, a record of a disability, and/or was perceived as, or treated as having a disability by the Defendant.

26.   As set forth above, Plaintiff suffered from severe anxiety and depression that limited her ability to carry out her employment duties. In fact, Plaintiff sought treatment from treating physicians that monitored her condition. Thus, Plaintiff suffered from a disability covered by FEHA.

27.   Defendant was aware of Plaintiff's actual disability.

28.   Despite these facts, Defendant failed to provide or even offer Plaintiff with a single reasonable accommodation(s), including but not limited to return after receiving treatment from her treating physician. Specifically, Plaintiff requested time off of only one more day than Defendant was willing to provide.  To the contrary, Defendant terminated Plaintiff's employment as a result of the limitations of her disability.

29.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

30.   In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages. The Defendant's

Law Offices of Jonathan J. Delshad, PC
11663 Sawtelle Blvd. Suite 220
Los Angeles, CA 90025

- 4 -

COMPLAINT

conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

## SECOND CAUSE OF ACTION

### Disability Discrimination – Failure to Engage in the Interactive Process

### (California Government Code § 12940(n))

31.    Plaintiff incorporates by reference paragraphs above as though fully set forth herein.

32.    At all times relevant to this Complaint, FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

33.    Pursuant to Government Code § 12940(n) it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

34.    Pursuant to Government Code § 12926 and 12926.1 Plaintiff has a disability if he or she has an actual disability, a record of a disability, and/or was perceived as or treated as having a disability by the Defendant.

35.    As set forth above, Plaintiff's severe anxiety and depression constituted a FEHA qualifying physical condition, of which Defendant became actually aware. Therefore, Plaintiff had a disability, a history of disability, and was also perceived as being disabled.

36.    Thereafter, Defendant chose not to initiate in the interactive process with Plaintiff. Defendant never inquired or asked Plaintiff what steps or accommodations could be taken or made available in order to implement effective reasonable accommodation. Instead, Defendant terminated Plaintiff.

37.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

38.    In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious

Law Offices of Jonathan J. Delshad, PC
11663 Sawtelle Blvd. Suite 220
Los Angeles, CA 90025

COMPLAINT

disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

### THIRD CAUSE OF ACTION

### Disability Discrimination – Retaliation For Requesting An Accommodation

39.   Plaintiff incorporates by reference paragraphs above as though fully set forth herein.

40.   Gov. Code §12940(h) prevents retaliation against an employee who requests an accommodation whether or not he or she received an accommodation.

41.   In this case Plaintiff was severely anxious and depressed which caused her to miss time from work.  Plaintiff provided Defendant with doctor's notes when she was absent from work.

42.   Defendant stated that Plaintiff had "abandoned the job" even though these absences should have been excused due to the doctor's notes accompanying them.

43.   Defendants knew that Plaintiff's performance was satisfactory but instead fired her in retaliation for exercising her right to an accommodation as provided in government code §12940(h).

44. Plaintiff further alleges that Defendants were aware, or should have been aware, of the aforementioned conduct. Notwithstanding their actual and/or constructive knowledge of such conduct, Defendants failed to take appropriate remedial action to correct such acts and unlawful conduct, or to prevent such acts from occurring again.

45. As a result of Defendants' unlawful conduct as alleged in this Complaint, Plaintiff has suffered loss of income in an amount to be proven at the time of trial.

46. As a further direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered extreme and severe mental anguish, humiliation, emotional distress, nervousness, tension, anxiety and depression, resulting in damages in an amount to be proven at the time of trial.

47. Pursuant to Government Code §12965(b) Plaintiff requests an award of attorney fees against defendants, and each of them.

### PRAYER FOR JUDGMENT

Plaintiff prays for judgment as follows:

1.      For special, general, and compensatory damages according to proof at trial;

COMPLAINT

Law Offices of Jonathan J. Delshad, PC
11663 Sawtelle Blvd, Suite 220
Los Angeles, CA 90025

2.      For punitive damages according to proof at trial;

3.      For reasonable attorneys' fees, expert witness fees, and other litigation expenses pursuant to California Government Code § 12965(b);

4.      For all other relief the Court deems appropriate and just.

5.      Total damages of not less than $680,000.00, according to proof.

Dated:  May 17, 2023                              By:_____

                                                  Jonathan J. Delshad

                                                  Attorney for Plaintiff Elizabeth Garcia

*Law Offices of Jonathan J. Delshad, PC*
*11663 Sawtelle Blvd. Suite 220*
*Los Angeles, CA 90025*

- 7 -

COMPLAINT

# **Exhibit 1**

October 19, 2022, Note from Dr. Michael Wu

LAW OFFICES OF JONATHAN J. DELSHAD
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025



# MICHAEL WU, M.D.
### PSYCHIATRIST

3 Pointe Drive, Suite 305
Brea, CA 92821
Office: 714.276.2930
Fax: 714.256.9013

Date: __10/15/22__

To Whom It May Concern:

RE: __Elizabeth Garcia__

The above-mentioned patient's absence is physician-advised due to a medical condition. This certifies that he or she has been under our care.

Date of last visit: __10/19/22__

Dates of Hospitalization (if applicable): _____

Date of estimated return to work or school: __11/28/22__

☒ May return to normal activity

☐ May return with limited activity: _____

_____

_____

☐ Other: _____

_____

_____

_____

Respectfully,

Michael Wu, MD

LAW OFFICES OF JONATHAN J. DELSHAD
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025

## **Exhibit 2**

Email communication regarding paperwork deadlines

On Wednesday, October 26, 2022, 11:48 AM, Naomi Ikeda
<Naomi_Ikeda@us.crawco.com> wrote:

Hi Ellie,

The original email regarding ADA was sent on 10/4/2022 with a due date of 10/19/2022.

Although a doctor's note was provided on 10/19/2022, the ADA application and medical certification forms were not submitted by 10/19/2022. The second email was sent on 10/21/2022 extending the original deadline from 10/19/2022 to 10/26/2022.

Thank you,

**Naomi Ikeda,** PHR, SHRM-CP

Human Resources Manager

P +01 657.232.4288  M +01 714.831.7196

E naomi.ikeda@us.crawco.com

W crawco.com

A 675 Placentia Ave #350, Brea, CA 92821

**Crawford & Company**

Restoring lives, businesses and communities

1

**Technology + People**

Solving claims challenges
through innovation and expertise.

---

**From:** Elizabeth Garcia <garcia08e@yahoo.com>
**Sent:** Tuesday, October 25, 2022 11:12 PM
**To:** Naomi Ikeda <naomi_ikeda@us.crawco.com>
**Subject:** Fw: ADA Accommodation Forms

Hi,

I was sent this email on 10.21.22 and it is unreasonable to ask me to have the paperwork returned by 10.26.22. We need an extension I've been sick and at home. I had an appointment last week when I submitted my Dr.s note over to you/HR as requested by 10.19.22. We need an extension. A reasonable amount of time is requested of about 2 weeks. I need to make now another appointment.

Sent from Yahoo Mail for iPhone

Begin forwarded message:

On Friday, October 21, 2022, 5:41 AM, Benefits-Leave of Absence <Leaveofabsence@us.crawco.com> wrote:

Hi Elizabeth,

Attached is the ADA paperwork for you to accomplish for your Accommodation request.

To request a reasonable accommodation under the Americans with Disability Act (ADA), you must timely complete and return the below forms no later than 10/26/2022.

- **Reasonable Accommodation Request form (Completed by Employee)**

2

- Authorization for the Release of Medical Information form **(Completed by Employee)**
- Medical Inquiry Form **(Completed by the physician)**

We may also require additional documentation from your healthcare provider in connection with our interactive conversation to determine if the requested accommodation may be granted as a reasonable accommodation or whether it poses an undue hardship. Completed forms can be faxed to **770.723.8698** or emailed to leaveofabsence@us.crawco.com.

**Additional Attachments:**

- Crawford's Disability and Accommodation Policy

Should you have any questions, please do not hesitate to email the Employee Benefits Department at leaveofabsence@us.crawco.com.

Best Regards,

**Jeanebel Matunding**

Employee Benefits Specialist

M (404) 905-6356

E Jeanebel_Matunding@us.crawco.com

W www.crawco.com

A 2F Three Techno Place, Megaworld Blvd. corner Daytona Avenue, Iloilo Business Park, Mandurriao, Iloilo City, Philippines

3

**Crawford & Company**

Restoring lives, businesses and communities



Consider the environment before printing this message.

This transmission is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is confidential, proprietary, privileged or otherwise exempt from disclosure. If you are not the named addressee, you are NOT authorized to read, print, retain, copy or disseminate this communication, its attachments or any part of them. If you have received this communication in error, please notify the sender immediately and delete this communication from all computers. This communication does not form any contractual obligation on behalf of the sender, the sender's employer, or the employer's parent company, affiliates or subsidiaries.

Consider the environment before printing this message.

This transmission is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is confidential, proprietary, privileged or otherwise exempt from disclosure. If you are not the named addressee, you are NOT authorized to read, print, retain, copy or disseminate this communication, its attachments or any part of them. If you have received this communication in error, please notify the sender immediately and delete this communication from all computers. This communication does not form any contractual obligation on behalf of the sender, the sender's employer, or the employer's parent company, affiliates or subsidiaries.

10/4/2022

4

Employee Name: Elizabeth Garcia

RE: Notice FMLA Ineligible - ADA Paperwork

Hi Elizabeth Garcia:

You will receive an email from loaatbroadspiredonotreply@choosebroadspire.com, if you have not already, advising that your FMLA request was denied. You have not met the 12-month length of service requirement. This letter is intended to clarify your leave status and advise you of your leave rights.

To seek unpaid disability-related leave as a form of a reasonable accommodation and/or request a reasonable accommodation to return to work under the Americans with Disability Act (ADA), you must timely complete and return the below forms no later than 10/19/2022.

- Reasonable Accommodation Request form **(Completed by Employee)**
- Authorization for the Release of Medical Information form **(Completed by Employee)**
- Medical Inquiry Form **(Completed by the physician)**

We may also require additional documentation from your healthcare provider in connection with our interactive conversation to determine if the requested leave may be granted as a reasonable accommodation or whether it poses an undue hardship. Completed forms can be faxed to 770.723.8698 or emailed to leaveofabsence@us.crawco.com.

If your request for leave as a reasonable accommodation is granted, you will remain on payroll in leave status and will continue to participate in Crawford-sponsored group health benefit programs, so long as you remit the employee portion of your premium payments on a timely basis. If you fail to return the required documentation and engage in the interactive process by the above date, Crawford will assume you cannot return to work and perform your essential job functions, with or without a reasonable accommodation, and will begin to pursue a replacement for your position.

**Pay while on leave:**

5

If you will be out continuously for more than 14 days, the disability waiting period, *please contact MetLife 1-800-300-4296, to open up a short term disability claim.*

- Short Term Disability (STD) is your income replacement while on a continuous leave of absence.
- We will utilize any available sick, vacation, and holiday pay during the STD waiting period, 14 days.
- To continue to receive accrued sick pay past your waiting period, you **MUST** be approved for STD.
- Once approved, we will exhaust sick pay, allowing you to receive 100% of your regular pay.
- Once exhausted, you will receive disability payments at 60% of your weekly salary up to a maximum of $2,308 per week, for the additional approved time.
- Benefits end after 26 weeks.

***If you do not file a claim and are not approved, your leave will be unpaid. Please note, benefit premiums will be deducted if you receive any sick, vacation or holiday pay.***

**If you work in a state listed below, you may be eligible for State Disability or Paid Medical Leave Benefits. Please see below for information on contacting your state to apply for these benefits.

| State | Phone | Website |
|---|---|---|
| California | 800.480.3287 | http://www.edd.ca.gov |
| Hawaii | 808.586.9188 | http://labor.hawaii.gov/dcd/hom |
| Rhode Island | 401.462.8420 | http://www.dlt.ri.gov/tdi/TDIinst |
| Washington | 833.717.2273 | https://paidleave.wa.gov/ |
| District of Columbia | 202.899.3700 | https://dcpaidfamilyleave.dc.gov/ |
| Massachusetts (Effective 1/1/2021) | 833.344.7365 | https://www.mass.gov/paid-fami medical-leave-benefits |

**Crawford Employee Benefits While on Leave:**

You and your eligible covered dependents may continue participation in your employer sponsored health insurance benefits, provided you pay the required premiums in a timely manner. If you will be out for several weeks and are enrolled in benefits, be on the lookout for an email from leaveofabsence@us.crawco.com with information on paying your premiums while on leave.

If you take a leave of absence for the birth of a child and need to add your newborn to your benefits, you must notify the Employee Benefits Department *within 30 days of the date of birth.*

**Employee Responsibilities While on Leave:**

If you requires a Continuous Leave of Absence, you should contact your
Manager, HR

Business Partner, and/or Benefits Leave Department.

**Returning to Work:**

- You must provide notice to Corporate Benefits or HR and
  provide a return to work note from your health care provider
  that specifies the date you can return to work and your ability
  to perform the essential functions of your job with or without
  reasonable accommodation *at least two (2) business days prior
  to returning to work.* We have attached a return to work
  release form for your convenience.
- Please send the return to work note from your healthcare
  provider to **leaveofabsence@us.crawco.com** or fax to
  **770.723.8698.**
- You will need Benefits or HR approval prior to returning.
- **Please note the return to work note is separate from the
  medical inquiry form and insufficient information may delay
  your return to work.**

**Additional Attachments:**

- Employee Assistance Program (EAP) Flyer which is available to
  you and your family 24/7.
- Crawford's Disability and Accommodation Policy
- Job Description to assist with completing ADA paperwork

Should you have any questions, please do not hesitate to email
Employee Benefits Department at leaveofabsence@us.crawco.com.

Please let me know if you have any questions or concerns.

Best Regards,

**Jeanebel Matunding**

7

Employee Benefits Specialist

M (404) 905-6356

E Jeanebel_Matunding@us.crawco.com

W www.crawco.com

A 2F Three Techno Place, Megaworld Blvd. corner Daytona Avenue, Iloilo Business Park, Mandurriao, Iloilo City, Philippines

**Crawford & Company**

Restoring lives, businesses and communities



8